UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Plaintiff,         Case No. 1:20-cv-1224

v.                                Hon. Hala Y. Jarbou

LANSING POLICE DEPARTMENT,
*et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Gregory Hardy ("Hardy") has filed an amended complaint as a matter of course (ECF No. 22). This matter is now before the Court on defendants' motion to dismiss the amended complaint (ECF No. 27) and Hardy's related motion for leave to file a second amended complaint (ECF No. 36).

    **I.**    **Defendants' motion to dismiss**

    **A.**    **Legal Standard**

Defendants seek to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

1

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Background

Hardy filed this lawsuit against a number of defendants: the City of Lansing; Officer Sagar Kandel; Officer Jameil Bakri; Officer Stephanie Kennedy; Officer Aaron Bush; Officer Christie Chiles; and unknown parties referred to as John Doe and Jane Doe. Amend. Compl. In their motion to dismiss, defendants point out as follows:

> Plaintiff's First Amended Complaint remedies the error of having named the Lansing Police Department as opposed to the City. Otherwise, it remains legally deficient according to Fed. R. Civ. P. 8(a). Hardy's First Amended Complaint ostensibly expands the number of counts to ten (10), but again does not identify facts or law that would support the list of purported causes of action. (ECF No. 22, PageID.149). Plaintiff's inclusion of an "argument" section serves to only further confuse what the claims being asserted against Defendants even are. (ECF No. 22, PageID.154-165). The seven (7) different "arguments" do not align numerically, or logically, with the ten (10) previously listed counts. As with Plaintiff's original

> pleading, the amended complaint is devoid of even the threadbare recitals of the elements of the stated causes of action and is so poorly drafted that Defendants are left without notice as to what the claims being made against them are.

Defendants' Brief (ECF No. 27, PageID.201).

Hardy filed a rambling response to defendants' motion to dismis and asked that the motion be denied.  *See* Hardy Response (ECF No. 31).  While Hardy ostensibly objects to the motion to dismiss, he seeks to avoid dismissal by filing another motion to amend the complaint.  In this regard, immediately after filing an unauthorized sur-reply brief (ECF No. 35) (*see* W.D. Mich. LCivR 7.2(c)), Hardy filed a motion for leave to file a second amended complaint (ECF No. 36).  Hardy captioned his second amended complaint as "Plaintiff Gregory Hardy's Responsive Amendment of Complaint." Second Amend. Compl. (ECF No. 36-1, PageID.243).  Hardy seeks to file the second amended complaint to cure defects in the first amended complaint which defendants address in their motion to dismiss.  *See* Plaintiff's Motion/Brief (ECF No. 36, PageID.238).  Defendants oppose plaintiff's motion to file the second amended complaint (ECF No. 38).[1]

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  As discussed, *infra*, Hardy may be able to state claims for relief.

---

[1] The Court notes that defendants submitted a DVD to the Court to support their position that Hardy's proposed second amended complaint is frivolous (ECF No. 40).  Defendants quote about one minute of the DVD (a video from a body cam) in which Hardy is heard to say the following to defendant Officer Bakri:

"Better ask somebody. Gregory Hardy. Gregory Hardy. Federal Court. I'm a m*****f***** monster. I'm a monster in the federal court, eat you're a** up. . . Everybody in your household will know my m*****f***** name. . . I think they are charging right around $600-$700 an hour for a federal attorney. Don't believe me, call around town ask any attorney in Lansing about Gregory Hardy. I have respect in this town."

Defendants' Response (ECF No. 38, PageID.263).  Contrary to defendants' contentions, Hardy's statements regarding his self-perceived prowess as a federal litigator and his threats to sue defendants do not establish that Hardy is engaging in purely vexatious litigation.

However, justice does not require that Hardy be allowed to file the proposed second amended complaint which, like the original complaint and the first amended complaint, is not in a form which defendants can answer. The proposed second amended complaint consists of the following.

In ¶ A ("Factual allegations and procedural background"), Hardy states a single subparagraph 1 identifying himself as the plaintiff. *Id*. at PageID.244.

In ¶ B ("Authority"), Hardy recites portions of Fed. R. Civ. P. 15. *Id*.

In ¶ C ("Parties"), Hardy identifies defendants City of Lansing, and Officers Kandel, Bakri, Kennedy, Bush, and Chiles. *Id*. at PageID.245. Hardy also refers to 42 U.S.C. § 1983, which indicates a statutory basis for this lawsuit. *Id*. Hardy also includes references to a previous filing by defendants.

In ¶ D ("Jurisdiction and Venue"), Hardy sets out a list of statutes, including 42 U.S.C. §§ 1983, 1985, 1988, 2000aa-6, and 28 U.S.C. §§ 1331, 1332, 1343, and 1367, stating that his claim involves "searches and seizures in connection with police communications based investigations" and refers to supplemental jurisdiction over his state law claims. *Id*. at PageID.246.

In ¶ E ("Statement of Facts"), Hardy includes single space indented paragraphs, numbered ¶¶ 6-17, then ¶ 2, then ¶¶ 18-21. *Id*. at PageID.246-252. In these paragraphs, Hardy presents a rambling series of events, some of which occurred on July 21, 2020. *Id.* at PageID.246-252.

Buried within his confusing narrative, Hardy's claims against defendants emerge: (1) he gave Dominique Hall a ride; (2) Hall left the car door open; (3) when Hardy got out to close the door, Hall came at him with a pipe wrench; (4) Hardy reached for his pocket knife; (5) Hall struck his car with the pipe wrench; (6) Hall pursued Hardy's car on foot; (7) Hardy stopped his car; (8) Hall struck the car again and chased Hardy around the car; (9) someone called 911; (10)

4

Hardy called 911; (11) at some point defendants Officers Kandel and Bush made contact with Hardy; (12) Hardy was placed in handcuffs; (13) Hardy made "legal threats" to Officer Kandel; (14) Officers Bakri, Kennedy and Chiles became involved; (15) the officers interviewed witnesses; (16) at some point Officer Kandel "transmitted on his radio to Defendant Aaron Bush that Hardy was good to go"; (17) the officers "denied Hardy the full compulsory process for obtaining witness statements in his favor"; (18) Officer Kandel returned after receiving advice that Hardy was a sex offender; (19) after learning this fact, Officers Kandel and Bush acted rude; (20) Hardy had a panic attack and cried out "I can't breathe"; (21) Hardy's handcuffs were too tight; (22) Hardy was placed in an ambulance and taken to Sparrow Hospital; (23) Officer Kandel taunted Hardy at the hospital; and, (24) Hardy was placed under arrest on the charge of assault with a dangerous weapon (*i.e.*, a pocket knife). *Id*. at PageID.246-250.

Hardy's story continues by mentioning a preliminary examination held on August 27, 2020 which was continued to September 18, 2020. *Id*. at PageID.250-252. Hardy goes through a rambling recitation of what may have been testimony at the preliminary hearing. *Id*. At some point, the charges against Hardy were dismissed without prejudice. *Id*. at PageID.252. Hardy appears to claim that the defendant officers willfully and intentionally "cause the [] unlawful detention of Hardy without legal justification because of the tainted record which showed that Mr. Hall was the aggressor." *Id*. Hardy also claims that defendant Officer Kandel taunted him and yelled at him to shut up at the hospital. *Id*.

In ¶ F, also known as ¶ 22, Hardy states the crux of his complaint:

> That Defendant's City of Lansing, [the City], et al and its agents police officer's deprived Plaintiff Gregory Hardy of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendment Constitutional rights when they falsely arrested him, employed excessive use of force against him [cruel and unusual punishment] and deliberate indifference during the arrest while being a detained [detainees], and failed to intervene in the misconduct of one another and

5

>other unnamed John Doe and Jane Doe officer's [sic] in connection with the arrest where he has suffered unnecessary pain, mental anguish, emotional and physical injuries resulting from Defendant's Ofc's inaction(s) where clearly established right(s) were binding.

*Id*. at PageID.252-253.

### C. Discussion

Hardy's second amended complaint is a confusing document which is in a disorganized format that defendants cannot answer. In this regard, Hardy's factual allegations are so lengthy and disjointed that defendants could spend hours trying to figure out how to formulate a response. However, after reviewing all of the complaints filed in this action, the Court concludes that Hardy may be able to allege three causes of action against defendants: false arrest; false imprisonment; and use of excessive force.

#### 1. False arrest

A claim for false arrest under 42 U.S.C. § 1983 arises from a Fourth Amendment violation. *See Weser v. Goodman*, 965 F.3d 507, 513 (6th Cir. 2020). A false arrest claim under federal law requires the plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). Based on the facts outlined above, Hardy may be able to allege a claim of false arrest.

#### 2. False imprisonment

"When a false-imprisonment claim arises out of an alleged false arrest—as it does in this case—those claims are identical, so we will simply refer to those two claims together as a false-arrest claim." *Weser*, 965 F.3d at 513. Based on the facts outlined above, Hardy may be able to allege a claim of false imprisonment.

### 3. Excessive force

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Whether an officer has used excessive force in effecting an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the facts and circumstances surrounding the arrest, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396-397. A plaintiff may state a cause of action for excessive force based upon tight handcuffs. *See Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). Based on the facts outlined above, Hardy may be able to allege a claim of excessive force.

### 4. Hardy should be allowed to file a third amended complaint

Based on the facts which can be gleaned from Hardy's complaint, first amended complaint, and second amended complaint, the Court concludes that it may be possible for him to set forth one or more of the causes of action listed above. Accordingly, the undersigned recommends that Hardy be given a final opportunity to amend his complaint by filing a third amended complaint.

### 5. Requirements and Screening

If Hardy does file a third amended complaint, this pleading should be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B) to ensure that it complies with the Federal Rules of Civil Procedure and states claims upon which relief can be granted.[2]

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"

To achieve this end, Hardy's third amended complaint must be an entirely new document which complies with the Federal Rules of Civil Procedure, meaning that it consists of numbered paragraphs, "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief" *See* Fed. R. Civ. P. 8(a), 10.  In addition, "[e]ach allegation must be <u>simple, concise, and direct</u>." Fed. R. Civ. P. 8(d)(1) (emphasis added).  This means that Hardy cannot repeat the lengthy recitations which appear in the second amended complaint's "Statement of Facts", PageID.246-252, or the lengthy recitations alleged in previous versions of his complaint.  Finally, each claim in the third amended complaint must be stated in a separate Count.

In this regard, Hardy is on notice that his third amended complaint shall be dismissed on screening if it: is a "cut-and-paste" version of his previous defective pleadings (*i.e.*, the complaint (ECF No. 1), amended complaint (ECF No. 22), and/or second amended complaint (ECF No. 36-1)); contains the lengthy paragraphs of allegations set forth in his Statement of Facts from previous complaints; fails to contain sequentially numbered paragraphs; fails to contain, simple, concise and direct allegations; or fails to include a separate Count for each claim.

Assuming that Hardy's third amended complaint meets the procedural requirements set forth above, the Court will review the allegations to determine whether Hardy has stated one or more claims upon which relief can be granted.  If some or all of the claims are legally deficient, then the undersigned will prepare a report recommending the dismissal of any deficient claims.

Finally, defendants should not be required to file an answer or motion to dismiss until the Court screens a third amended complaint.

### III. RECOMMENDATION

Accordingly, I respectfully recommend that defendants' motion to dismiss Hardy's amended complaint (ECF No. 27) be **GRANTED without prejudice** and that Hardy's motion for leave to file a second amended complaint (ECF No. 36) be **DENIED**.

I further recommend that Hardy be given one final opportunity to file a third amended complaint which complies with the Federal Rules of Civil Procedure and the instructions set forth in this report. The Court should grant Hardy 28 days to file a third amended complaint.

I further recommend that the third amended complaint be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

I further recommend that defendants shall not be required to file an answer, motion to dismiss, or other response until ordered by the Court.

Dated:  February 2, 2022                      /s/ Ray Kent
                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).