FILED- MQ
February 14, 2022 9:35 AM
Clerk of Cout
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___slk___ / _____ 2-15-22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Hardy,  
Plaintiff,

Civil File No: 1:20-cv-1224  
Hon. Hala Y. Jarbou

Vs.

City of Lansing, [The City], et al  
Ofc Sagar Kandel, Ofc Jameil Bakri,  
Ofc Stephanie Kennedy, Ofc Aaron Bush,  
And Ofc Christie Chiles,  
John Doe and Jane Doe  
Defendants.

_____/

Gregory Hardy, In Pro Se  
Plaintiff  
430 W. Austin Avenue  
Flint, Michigan 48505  
(810) 287-2395  
Email: Gregoryhardy444@gmail.com

Heather E. Sumner P77553  
attorney for Defendants  
124 W. Michigan Ave, 5th Flr.  
Lansing, Michigan 48933  
(517) 483-4320  
CityAtty@lansingmi.gov

---

PLAINTIFF GREGORY HARDY'S THIRD AMENDED COMPLAINT:

Now comes Plaintiff Gregory Hardy, In Pro Se and in the above and entitled case, moves

This Honorable Court with his Third Amended Complaint and state with particularity of the

following grounds sought thereof;

BRIEF IN SUPPORT
STATEMENT OF FACTS
LAW AND ARGUMENT:

A). FACTUAL ALLEGATIONS AND
PROCEDURAL BACKGROUND:

1). That the Plaintiff Gregory Hardy, at all times material hereto, that plaintiff is a resident located at 430 West Austin Avenue – Flint, Michigan 48505, County of Genesee, State of Michigan and a former [detainees] of the City of Lansing, [the City], Lansing Police Department.

B). PARTIES:

2). That Defendant's City of Lansing [the City] is a municipal corporation is considered a legal "entity" under 1983 of the Michigan Constitution, and a "person" subject to suit within the meaning of 42 U.S.C. 1983. The City operates, and supervises the Lansing Police Department [the Department].

3). That the Defendant Ofc's Sagar Kandel, Jameil Bakri, Stephanie Kennedy, Aaron Bush, and Christie Chiles, is a Lansing Police Officer's. At all relevant times, they: (1) acted under color of state law(s) and (2) the action(s) resulted in a deprivation of his constitutional rights of a federal statutory right(s) and is being sued in their individual and official capacities.

4). This is a 42 U.S.C. 1983 Civil Rights Complaint against [The City] and its agents in the incident giving rise to this cause of action which occurred in the City of Lansing, County of Ingham, State of Michigan while Hardy was a detainee's. Plaintiff Gregory Hardy alleges that: (1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights

and (3) that a municipality policy or custom of inaction(s) was the "moving" force behind the violation(s).

C). JURISDICTION AND VENUE:

5). Under 28 U.S.C. 1331, 28 U.S.C. 1332, 28 U.S.C. 1343, and jurisdiction over federal claims under 42 U.S.C. 1983, 1985, and 1988 which provides for attorney's fees in civil rights claims, and 42 U.S.C. 2000aa-6, which provides statutory damages and attorney's fees for search and seizure in connection with police communications base investigations. This Court also has supplemental jurisdiction over [plaintiff's] state law claims under 28 U.S.C. 1367. That the amount in controversy in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

D). STATEMENT OF FACTS:

6). That on or about July 21, 2020, the Plaintiff Gregory Hardy was forced to contact the Lansing Police Department [LPD] after being attacked by a perpetrator with a "Red Three Foot Fireman's" pipe wrench. Upon arrival the Lansing Police Department [LPD] Defendant's Ofc agent's Sagar Kandel, Jameil Bakri, Stephanie Kennedy, Aaron Bush, and Christie Chiles arrived on scene. [Exhibit 17. Accused Statement of Hardy – attached to the Original Complaint [incorporated by reference]. After Plaintiff Hardy had given his statement to defendant's, Defendant Kandel stated he would go and interview other witnesses where Plaintiff Gregory Hardy was immediately placed in "extremely" tight handcuffs prior to a full investigation of the entire scene. This is when Plaintiff Gregory Hardy first became highly agitated and began making legal threats to Defendant Kandel regarding the Ofc's intentions when he ordered the other defendants to place Hardy in hand-cuffs until he interview other witnesses where Defendant Kandel only interviewed friends and

acquaintances of the perpetrator standing in front of where the perpetrator lived who were all [white] and who gave conflicting statements.

7). That each of the other defendant ofc's Bush, Bakri, Kennedy, and Chiles action(s) would follow [lacking in training] to cover for another fellow officer and friend who knew according to the evidence on scene during the investigation in its entirety that Plaintiff Hardy acted in self-defense. While Defendant Kandel was allegedly interviewing other witnesses [the perpertrator's friends]. There were other witnesses on the west side of the streets on West Cesar E. Chavez shouting to the other Defendant Ofc's that "you guys got the wrong one" because they were closer to the entire altercation and could see the perpetrator chasing Plaintiff Hardy with the pipe wrench much more than the perpertrator's friends who were further away. It was the Defendant Jameil Bakri who responded to the other witnesses that: "no, we got the right one" this was prior to Defendant Kandel's complete investigation. Defendant Kandel than transmitted on his radio to other defendant ofc's that Hardy was good to go. Defendant then stated: "they got places for people like me" after receiving transmission that Hardy was a registered sex offender. Plaintiff Hardy would become disoriented into hyperventilating towards a "panic attack". [Exhibit 17. Accused Statement of Hardy under Medical – attached to the Original Complaint [incorporated by reference.]. Plaintiff Hardy was taken out of the police squad car because Plaintiff Hardy was beginning to have trouble breathing and where he continue to cried out repeatedly that the hand-cuffs were too tight. [Exhibit 30-31. Picture of Hardy's Wrist – attached to the Original Complaint [incorporated by reference.].

8). Once the ambulance arrived Plaintiff Hardy was then placed on the ambulance bed, back first, "laying on top of his hand" with the "extremely" tight handcuffs, Plaintiff Hardy would shout

several times to defendant's ofc's that: "I got problems with my back", and repeatedly told defendant's that he could not breathe and that the handcuffs were too tight.

Plaintiff Hardy also told defendant's that he had an inhaler inside the open port inside the car however defendant's denied Plaintiff Hardy the use of his inhaler and it was taken by one of the officers, nor did they loosen the extremely tight hand cuffs so that Hardy could be relieved from the pressure of his back and wrists. Defendant Ofc's pretended to be looking for Hardy's inhaler they took it upon themselves to search Hardy's entire car and backpack. Plaintiff Hardy only consented to retrieve the inhaler from the open port.

9). The Defendant Ofc Bush: (1) claims to have located the knife on the driver seat of plaintiff's car (2) Defendant Ofc Bakri alleged under the accused statement: Hardy advised him that the knife was inside of the multi-colored backpack, (3) Defendant ofc Aaron Bush stated: while on scene Defendant Chiles advised the accused. Hardy gave consent to search his vehicle to look for the knife involved. Inside the vehicle I located a black folding knife in the driver seat [under] Hardy's backpack. I turned this item over to Defendant Ofc Kandel on scene for him to tag in as evidence. [Exhibit 20. – Under Search of Vehicle – attached to the Original Complaint. [Incorporated by reference.].

10). Defendant Jameil Bakri testified on record that: [Hardy advised me that the knife was inside of the multi-colored backpack I saw him holding when I first arrived on scene. [Exhibit 17. Accused statement of Hardy - attached to the Original Complaint and [Exhibit 21. Mirandized Statement – attached to the original Complaint.]. Incorporated by reference. Each of the defendant ofc's recorded statement(s) are construed as false, misleading and conflicting. Defendant Ofc's owed

Plaintiff Hardy the legal duties under the Fourth, Fourteenth and Eighth Amendment Constitution of the United States to be free of such action(s).

11). The charges against Plaintiff Hardy were later dismissed without prejudice. Defendant Ofc's action(s) appeared to be: (1) willfully, (2) intentionally caused the (3) unlawful detention of Hardy without legal justification because defendants deliberately tainted the record to match Hardy's false arrest, false imprisonment, and the unjustified assault with the extremely tight hand cuffs when defendants knew that the perpertrator was the aggressor.

E. GROUNDS:

12). That Defendant's City of Lansing [the City] et al and its agent police officer's deprived Plaintiff Hardy of his Fourth, Eighth and Fourteenth Amendment Constitutional rights when they:

Count One: falsely arrested Hardy, Count Two: false imprisonment, and Count Three: the "excessive use of force" where they deliberately employed excessive use of force with: (1) "hand-cuffs" and with a complete disregards for (2) Hardy's injured back then denied Hardy his (3) "inhaler" all against Hardy during the arrest while being a detained [detainees], and they failed to intervene in the misconduct of one another and other unnamed John Doe and Jane Doe Officer's in connection with the arrest where he has suffered unnecessary pain, mental anguish, emotional and physical injuries resulting from Defendant Ofc's inaction(s), where clearly established right(s) were binding.

F). RELIEF:

13). Wherefore, Plaintiff Gregory Hardy, for the forgoing reasons, prays for the following relief: That each of the Defendant's City of Lansing [the City], and its agent ofc's be held responsible and

sued in their individual and official capacities for the violation(s) against the deprivation of his

Constitutional right(s) he seek $750,000.00 In Punitive, Compensatory, and Continuing Damages,

and expungement of the above criminal record [assault with a dangerous weapon], in its entirety

based on the merits of this case, and grant a trial by jury, grant such other relief as this Honorable

Court deems just and proper in this matter and as this Court determines.

Respectfully Submitted By:

*[signature]*

Gregory Hardy, In Pro Se
Plaintiff

CERTIFICATE OF RULE COMPLIANCE – WORD COUNT:

Gregory Hardy, acting Pro Se, Plaintiff, hereby deposes that the Brief In Support of Hardy's Third Amended Complaint does not exceed (10,800) words, using Rich Text Format (RTF); and does not exceed (25) pages in length; Pursuant to W.D. LCivR 7.1(a), 7.2(b)(i) and (ii) on this 9th day of February, 2022.

Clerk of The Court
United States District Court
Western District of Michigan
330 Federal Building
202 W. Washington Street
P.O. Box 698
Marquette, Michigan 49855

Re: Gregory Hardy vs. City of Lansing [The City], et al
    Civil File No: 1:20-cv-1224
    Hon. Hala Y. Jarbou

Dear Clerk:

  Enclosed for the filing, please find the Plaintiff Gregory Hardy's Third Amended Complaint with Brief In Support, Statement of Facts, Law and Argument and to incorporate by reference [Exhibit 1-31. Ingham County Prosecuting Record, [Exhibit 32-39. LPD Record – Newly Filed Charges – attached to the Original Complaint, [Gregory Hardy's Sworn Affidavit of his Complaint – attached to the Original Complaint], and as required, pursuant to W.D. Mich. LCivR 7.1(a), 7.2(b)(i) and (ii) with Certification of Service to this Honorable Court and a copy shall be forwarded to the Defendant's attorney of record.

Thank you for your time and cooperation in this matter.

Very Truly Yours,

*/s/ Gregory Hardy/*

Gregory Hardy, In Pro Se
Plaintiff
430 W. Austin Avenue
Flint, Michigan 48505
(810) 287-2395
Email: gregoryhardy444@gmail.com

-CERTIFICATION-

I Plaintiff Gregory Hardy hereby certify that I have arranged for the service of mailing a copy of his Third Amended Complaint to this Honorable Court and a copy shall be forwarded to the Defendant's attorney of record on this 9th day of February 2022.

Gregory Hardy
430 W. Austin Ave.
Flint, MI 48505

Clerk of
United
Wester
330 Fe
202 W.
P.O. B
Marqu

