UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,

v.

                                                                     Case No. 1:20-cv-1224

LANSING POLICE DEPARTMENT, et al.,           Hon. Hala Y. Jarbou

    Defendants.
_____/

### ORDER

Plaintiff Gregory Hardy brings this civil action under 42 U.S.C. § 1983 against several Lansing Police Department (LPD) officers and the City of Lansing. Hardy's allegations stem from Defendants' actions in responding to a disturbance involving Hardy and another individual, Dominique Hall. More specifically, Hardy alleges false arrest and false imprisonment in violation of the Fourteenth Amendment; the use of excessive force when handcuffing him in violation of the Fourth Amendment; and deliberate indifference to a serious medical need, also in violation of the Fourteenth Amendment.

Defendants move for summary judgment (ECF No. 157). On September 8, 2023, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that the Court grant the summary judgment motion as to all defendants, dismiss the remaining unknown parties, and terminate the case (ECF No. 169). Also on September 8, 2023, the magistrate judge issued an order (ECF No. 168) striking Hardy's declaration (ECF No. 161) filed in support of his response to Defendant's summary judgment motion.

Hardy is proceeding pro se. Thus, this Court will construe his filings more liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Before the Court is a unified set of requests which

Hardy has styled as "Plaintiff['s] . . . Objections to the Court's Report and Recommendation and Request for Reconsideration to File a Response to Defendant's Motion to Strike" (ECF No. 171). The Court will construe the embedded requests as a motion to reconsider the order striking his declaration, a renewed motion to appoint counsel, and Hardy's objections to the R&R.

## I. HARDY'S MOTIONS FOR RECONSIDERATION AND TO APPOINT COUNSEL

Hardy asks this Court to reconsider both the order striking his affidavit and the multiple orders denying him appointment of counsel. Both motions dovetail into an overarching complaint that Hardy has not been given a fair shake in litigating this case. Neither motion is persuasive.

*The Affidavit.* Hardy filed an affidavit in support of his response to Defendants' motion for summary judgment. Defendants moved to strike, challenging the affidavit on several grounds: that it was not properly executed, that it contained conclusions of law, and that it contained testimony for which Hardy had no personal knowledge. The magistrate judge ordered the affidavit stricken, and Hardy moves for reconsideration.

For nondispositive matters, "a district judge may 'reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *United States v. Hoffstetter*, 423 F. Supp. 3d 502, 505 (E.D. Tenn. 2019) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). Both the clearly erroneous standard, which applies to findings of fact, and the contrary to law standard, which applies to conclusions of law, are deferential. *Id.*

The magistrate judge did not reach the merits of Defendants' challenge. Instead, he found that Hardy failed to follow Local Rule 7.3(c) which requires parties opposing a nondispositive motion to "file a responsive brief and supporting materials." W.D. Mich. LCivR 7.3(c). Where a party fails to oppose a motion, the district court may deem that party to have waived opposition.

*Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 2007).

The magistrate judge's order striking Hardy's affidavit was not contrary to law. Nor does Hardy raise any exceptional circumstances or legal arguments that might persuade this Court to overturn the order. He raises no "palpable defect by which the court and the parties have been misled," as required for a motion for reconsideration. W.D. Mich. LCivR. 7.4(a). Hardy notes that he was detained for a few days and that he was then hospitalized for a physical impairment for another few days. Even with these temporary disruptions, however, Hardy still had a period of about ten days where he could have responded to the motion. Although Hardy is proceeding pro se, pro se litigants are expected to know and follow the Court's rules. *Field v. Cnty. of Lapeer*, 238 F.3d 420, at *2 (6th Cir. 2000) (table); *Jackson v. Dep't of Hum. Servs.*, No. 3:09-00038, 2010 WL 3491165 (M.D. Tenn. Aug. 31, 2010), *report and recommendation adopted*, No. 2-09-0038, 2010 WL 3834673 (M.D. Tenn. Sept. 27, 2010). Thus, this Court sees no reason to disturb the magistrate judge's order striking Hardy's affidavit.

*Appointment of Counsel.* Embedded in his argument for reconsideration, Hardy also seeks to have counsel appointed for him. He notes that he "is not an attorney as this Court would have him to be," has tried and failed to request appointed counsel, and "believes that the Court has taken a disadvantage in its denial" of those motions in what is "a complex and meritorious manner." (Pl.'s Objs. ¶ 5.) It is not clear whether Hardy moves for reconsideration of the magistrate judge's past denials of his motions to appoint counsel, or whether he moves anew; either way, the answer is the same.

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992

3

F.2d 601, 604-05 (6th Cir. 1993).  However, the Court may, in its discretion, request an attorney to serve as counsel.  *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05.  Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.

The magistrate judge has denied all three of Hardy's prior motions to appoint counsel. (ECF Nos. 25, 71, 136.)  For his fourth and present attempt, Hardy raises no new legal arguments but does point to a recent disability certificate issued September 13, 2023.  (Disability Certificate, ECF No. 171-8.)  The certificate notes a diagnosis of "lumbar disc bulging, right foot drop" and covers the period August 7, 2023 through December 31, 2023.  (*Id.*)  While Hardy's physical disability prevents him from work, housework, driving, and recreational activities, there is no indication of any impediment that would prevent him from litigating this case.  In fact, the certificate form specifically notes "N/A" to Hardy requiring "Attendant Care" to "his . . . own personal needs" and to Hardy requiring "[Medical] Case Management" assistance.  (*Id.*)

Furthermore, neither the issues in this case nor the case's current procedural posture is complex.  The legal theories and analyses Hardy raises are well trod, and he has simply been asked to lodge objections to the magistrate judge's orders and R&R.  Given his penchant for filing lawsuits (in this district, no less),[1] Hardy is familiar with this Court's rules and legal precedent. His motion for appointed counsel will be denied for a fourth time.

---

[1] Hardy has filed a series of unsuccessful lawsuits since 2016, including *Hardy v. Community Mental Health*, No. 1:16-cv-815 (W.D. Mich.); *Hardy v. Community Mental Health,* No. 1:16-cv-1415 (W.D. Mich.); *Hardy v. Ingham County Jail,* No. 1:17-cv-20 (W.D. Mich.); *Hardy v. East Lansing Police Department*, No. 1:17-cv-338 (W.D. Mich.); *Hardy v. City Rescue Mission of Lansing*, No. 1:18-cv-628 (W.D. Mich.); *Hardy v. Ingham County Jail*, No. 1:18-cv-839 (W.D. Mich.); *Hardy v. Letavis Enterprises, Inc.*, No. 1:18-cv-1077 (W.D. Mich.); and *Hardy v. Johnston*, No. 1:20-cv-649 (W.D. Mich.).

## II. HARDY'S OBJECTIONS TO THE R&R

The magistrate judge recommends granting Defendants' motion for summary judgment as to all defendants. He also recommends dismissing the remaining unnamed defendants. Hardy "objects" to the R&R "in its entirety[.]" (Pl.'s Objs. ¶ 1.) Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Federal Rules require "specific written objections," Fed. R. Civ. P. 72(b)(2), and the Local Rules provide that such objections "shall specifically identify the portions of the proposed findings, recommendation or report to which objections are made and the basis for such objections," W.D. Mich. LCivR 72.3(b).

In general, "the failure to file specific objections to a magistrate judge's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that failure to lodge objections with sufficient specificity "has the same effects as would a failure to object"). However, "the requirement of filing specific objections is not jurisdictional" and courts may sometimes "excuse waiver in the interests of justice." *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (internal quotations and citations omitted). The Sixth Circuit has noted the following "limited circumstances" where this failure may be overlooked:

> (1) if the case is "exceptional" and declining to review the issue would "produce a plain miscarriage of justice"; (2) if hearing the issue "would serve an overarching purpose other than simply reaching the correct result in this case"; and (3) if the issue is presented with sufficient clarity such that no factual development would be required and resolving the issue would promote the finality of litigation in the case.

*Id.*

Hardy's objections to the R&R consist entirely of the statement "Hardy Objects to [the R&R] in its entirety on all three claims."  (Pl.'s Objs. ¶ 1.)  This terse statement fails to "specifically identify the portions" of the R&R to which Hardy objects and fails to provide any legal basis for doing so.  W.D. Mich. LCivR. 72.3(b).  Without proper objections, Hardy is not entitled to "district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard[.]"  *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  Indeed, courts in the Sixth Circuit regularly reject these sorts of "blanket statements" as "conclusory objections" that fall short of the "required specific objections."  *Kissner v. Orr*, No. 22-2076, 2023 WL 5687037, at *3 (6th Cir. Aug. 31, 2023); *see also, e.g.*, *Arteaga v. Cinram-Technicolor*, No. 3:19-CV-00349, 2022 WL 1256659, at *1-2 (M.D. Tenn. Apr. 27, 2022) (overruling plaintiff's "purported objections" and adopting the R&R); *Springer v. Berghuis*, No. 1:15-CV-808, 2021 WL 2154117, at *1 (W.D. Mich. May 27, 2021) (refusing to address plaintiff's general objections and addressing only those stated with sufficient specificity).

On review of the facts and legal analysis relied upon by the magistrate judge, the Court concludes that the R&R correctly analyzes the issues and makes sound recommendations.

Accordingly,

**IT IS ORDERED** that Hardy's motion for reconsideration of the order striking his affidavit (ECF No. 171) is **DENIED**.

**IT IS FURTHER ORDERED** that Hardy's motion to appoint counsel (ECF No. 171) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 169) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment as to all Defendants (ECF No. 157) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants City of Lansing, Bakri, Bush, Chiles, Kandel, and Kennedy are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining unknown defendants are **DISMISSED**.

Because all claims have been dismissed, the Court will enter a judgment dismissing the case.


Dated: November 1, 2023              /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE